**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC. | CASE NO. CV10-07207 SVW (PJWx) |
| Plaintiff, | **PROTECTIVE ORDER PURSUANT TO Fed.R.Civ.P. 26(c)** |
| vs. | |
| PMC BANCORP, f/k/a PROFESSIONAL MORTGAGE CORP. | **\*\*NOTE CHANGES AT PAGES 9 AND 10\*\*** |
| Defendant. | |

THIS MATTER comes before the Court upon Plaintiff's Opposed Motion for Protective Order Pursuant to Fed.R.Civ. 26(c) and Motion for Extension of Time to Respond to Defendant's Request for Production of Documents ("Motion").

The Court has read and considered the Motion and all other matters of record and is fully advised. For substantially the reasons set forth in the Motion, the Court finds that good cause exists for granting the Motion.

Accordingly, the Motion is hereby GRANTED. Plaintiff shall have five (5) days from this Order to respond to Defendant's Request for Production of Documents subject to the following protective order:

**IT IS HEREBY ORDERED THAT**

1.      The provisions of this Protective Order shall control the disclosure, dissemination, and use of Confidential Information, as herein defined, in this Litigation by all parties to the Litigation ("Parties"), as well as all such other

1

persons or entities who agree to be bound by the provisions of this Protective Order, as more fully set forth herein (collectively referred to with the Parties as the "Covered Persons").

2.     Scope.  This Protective Order shall apply to all documents, materials and/or information produced in the civil pretrial discovery process, including without limitation, documents, answers to interrogatories, responses to requests for admission, and deposition testimony, which shall be known as the "Confidential Information."  "Confidential Information" shall include, but not be limited to, any information, documents, or other data, whether tangible or in electronic and/or digital form (*i.e.,* generated, recorded, and/or stored on whatever media, including computers and network systems, and any form of drive, including thumb drives, CDs, DVDs, SANS, floppy drives, tapes, backup tapes, USB drives, and other similar external drives) that is produced to or exchanged between the Parties, and which has been designated as "Confidential Information," pursuant to this Protective Order.   As used in this Protective Order, "document" is defined as provided in Fed. R. Evid. 1001.  A draft or identical copy is a separate document within the meaning of this term.

3.     Designations. The parties understand and agree that designated "Confidential Information" implicated in this case, includes, without limitation, documents, materials and/or information that may contain or refer to any one or all of the following:

**PROPOSED PROTECTIVE ORDER PURSUANT Fed.R.Civ.P. 26(c)**

A.      information not generally available to or accessible by the general public at the time the information or documents are produced, or that is required to be kept confidential due to preexisting obligations, including contractual obligations, or that if disclosed would tend to damage the disclosing person or entity's competitive position; or

B.      any of the parties' sensitive business or technical information, trade secrets as defined either by California Civil Code § 3426.1 or applicable New York law as provided under the terms of the contract underlying this action, confidential research, development, business plans, new business development, proprietary information, competitor market analysis,  internal financial accounting information, or other technical, policy, or commercial information, and that, if disclosed to a business competitor, would provide a significant advantage to the party's competitors; or

C.      the identity of specific borrowers or personal and financial information of specific borrowers that is or may be subject to additional nondisclosure protections under applicable provisions of federal, state, and/or common law.

4.      <u>Marking Confidential Information</u>.  All Confidential Information shall be designated as such by affixing a stamp or label (electronic or otherwise) indicating its status as "CONFIDENTIAL." In the event that documents are produced electronically, they can be designated either by imprinting the appropriate

3

notice or by any party producing a log indicating what information, data or documents are to be treated with the appropriate designation.  All answers to interrogatories and responses to requests for admissions that contain Confidential Information shall be prefaced with the appropriate designation, and all pages thereof containing such Confidential Information shall be marked with the appropriate designation.  All information conveyed or discussed in testimony at a deposition or a court proceeding for which Confidential Information status is claimed shall be so designated, orally on the record whenever possible, at the time the testimony is given or hearing is conducted or, in the case of a deposition, no later than fifteen (15) days after receipt of the deposition transcript by the designating party or entity.  Prior to the expiration of such fifteen-day period, all deposition testimony shall be deemed "Confidential Information."  If, within such fifteen-day period, the designating person or entity has not designated orally on the record or in writing any portions of the deposition, hearing, or the information discussed at such with Confidential Information status, Covered Persons shall be permitted to use such transcripts and information discussed therein free from the restrictions of this Protective Order.  All portions of deposition testimony or hearing transcripts in which Confidential Information is used or discussed and that is designated with a Confidential Information status shall be treated with the protections afforded such information, as set forth herein.

      5.      <u>Later Designations of Confidential Information.</u>  The disclosure,

exchange, or production of Confidential Information that inadvertently was not designated as such shall not constitute a waiver of the protections afforded such document or information.  Any information or documents not initially designated with the Confidential Information status may be so designated at a later time, in writing to the Parties.  In such event, the Parties receiving the Confidential Information shall make reasonable efforts to obtain the agreement of the person or entities to whom disclosure of such Confidential Information was made to treat such information as later designated, but no sanctions shall be imposed upon a Party for any disclosure of the later designated Confidential Information made prior to the Party's receiving written notification of the later designation of the information or documents as Confidential Information.

6.     Restrictions on Disclosure of Confidential Information.    All Confidential Information, and any notes, work papers, summaries, or other documents prepared from such Confidential Information, shall be used by the receiving Party solely in connection with the Litigation and shall not be disclosed by the receiving Party other than as follows:

A.     To any person or entity which authored, received, or is mentioned in the Confidential Information;

B.     The Court and its employees ("Court Personnel"); except that Paragraph 10 hereof shall govern all submissions of Confidential Information to the Court;

PROPOSED PROTECTIVE ORDER PURSUANT Fed.R.Civ.P. 26(c)

C.    Trial Counsel for the Parties, including necessary secretarial, clerical and paralegal personnel assisting with the Litigation;

D.    The Parties and any designated representative for the parties provided that:

(i)    such disclosure is necessary to assist in the prosecution or defense of the Litigation; and

(ii)    prior to disclosing any such Confidential Information to any such employee of the Parties or any affiliated entity of any Party, that person or entity execute an agreement in writing stating that he/she has read this Protective Order and agrees to be bound by its provisions.  An acceptable form of such agreement is attached hereto as **Exhibit A**, and incorporated herein by reference.

E.    In-house counsel employed by a Party or a Party's affiliated entity, and employees of such in the legal department acting under the supervision of in-house counsel provided that:

(i)    such disclosure is deemed reasonably necessary by Trial Counsel and reasonably calculated to assist in the prosecution or defense of the Litigation; and

(ii)    prior to disclosing any such Confidential Information to any such employee of the legal department, that person execute an agreement in writing stating that he/she has read this Protective Order and agrees to be bound by its

6

provision.  An acceptable form of such agreement is attached hereto as **Exhibit A**, and incorporated herein by reference.

F.    Outside consultants and experts, and their staff, retained by any Party for the purpose of assisting in the preparation of this Litigation, whether as a testifying expert or a non-testifying consultant (collectively "Experts") if, prior to disclosing any Confidential Information to any such Expert, that Expert execute an agreement in writing stating that he/she has read this Protective Order and agrees to be bound by its provisions.  An acceptable form of such agreement is attached hereto as **Exhibit A**, and incorporated herein by reference.

G.    Any fact witness, provided that prior to disclosing any such Confidential Information they execute an agreement in writing stating that he/she has read this Protective Order and agrees to be bound by its provision.  An acceptable form of such agreement is attached hereto as **Exhibit A**, and incorporated herein by reference.  If any non-party witness refuses to sign the agreement to be bound, any Party may make a motion to the court to restrict that non-signing party from receiving such documentation. With respect to non-party witnesses or potential non-party witnesses, Confidential Information relating to the identity of individual borrower or personal and financial information of an individual borrower subject to protection shall be redacted prior to disclosing it to the non-party witness or potential non-party witness.  This additional restriction shall not apply to a non-party witness or potential non-party witness' own

7

documents, materials and/or information, or documents, materials and/or information relating to that non-party witness or potential non-party witness.

H.     Court reporters, videographers, interpreters, and such other qualified persons otherwise unconnected to any party but who are involved in taking testimony, copying documents, and the like.

I.     A Covered Person's own Confidential Information may be used by that Covered Person, without reservation.

7.     <u>Disclosure Agreements</u>.   The attorneys of record for the receiving Party shall retain the original, executed **Exhibit A** agreements that have been executed by those to whom disclosure has been made.

8.     <u>Procedure for Challenging Designations</u>.   A party may object to the designation by giving written notice to the party designating the disputed information within 30 days of its receipt of such information.  If a reasonable amount of additional time is necessary for a party to review the designations made by the designating party, a party may request from the designating party an additional amount of time to conduct such a review, which request shall not be unreasonably withheld.  The written notice shall identify the information to which the objection is made.   If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party designating the information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of

8

this Protective Order.  If such a motion is timely filed, the disputed information shall retain its designation under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation and shall not be thereafter treated as such in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating information shall bear the burden of establishing that good cause exists for the disputed information to be treated as such.

9. <u>Sanctions</u>.  Any Covered Person who violates this Protective Order may be subject to all sanctions as provided by Federal procedural rules and the case law construing same, including monetary fines or penalties and/or a finding of civil contempt.

10. UNDER SEAL FILINGS GOVERNED BY LOCAL RULE 79-5. ~~Filings with Court.  Whenever Confidential Information is used in, included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition, transcript of other filing with the Court ("Pleadings"), such Pleading shall be filed and kept under seal by the Clerk of this Court in accordance with any local rules governing same and until further order of this Court, and shall display a bold heading on its first page in substantially the following form: "FILED UNDER SEAL        SUBJECT    TO    COURT    ORDER    PROHIBITING    PUBLIC DISCLOSURE" or as otherwise directed by applicable rule or Court Order.  A~~

9

1  ~~duplicate copy of the Pleading with the Confidential Information redacted shall be~~

2  ~~placed in the public record insofar as possible.  In addition, any such Pleading shall~~

3  ~~be furnished in its entirety to the Court and the Parties~~.

4

5      11.    <u>Depositions, Hearings, and Trial</u>.  No person may refuse to answer any

6  question at a deposition, hearing, or trial on the sole ground that the questions

7  require the person to reveal Confidential Information.  The deposition, hearing, or

8
9  trial will proceed upon the following basis, subject to the discretion of the judge

10 presiding over the hearing or trial:  prior to answering the question or questions, all

11 persons present shall be advised of the terms and conditions of this Protective Order

12
13 and, at the request of the any Party, all persons not authorized to receive the

14 Confidential Information under this Protective Order shall leave the room during

15 the time in which the Confidential Information is disclosed or discussed.  Nothing

16
17 contained in this Protective Order shall preclude the use of Confidential

18 Information at a deposition, in a hearing, or at trial, including any appeal of the

19
20 Litigation.

21      12.    <u>Inadvertent Disclosure of Confidential Information</u>.  If a Covered

22 Person inadvertently discloses any Confidential Information to a person in

23
24 contravention of this Protective Order, the Covered Person shall provide immediate

25 written notice of the disclosure to the person or entity whose Confidential

26 Information was inadvertently disclosed.  Similarly, in the event a Party has

27
28 knowledge that Confidential Information is being used or possessed by a person or

entity in contravention of this Protective Order, regardless of how the Confidential Information was disclosed or obtained by such person, the Party shall provide immediate written notice of the unauthorized use or possession to the person or entity whose Confidential Information is being used or possessed and to counsel for the Parties.   In the event of any inadvertent disclosure or unauthorized use or possession of Confidential Information, the Parties shall cooperate and make reasonable efforts to retrieve such Confidential Information and/or to obtain the agreement of the person to whom such inadvertent or unauthorized disclosure was made to be bound by the terms of this Protective Order.

13.   <u>Inadvertent Disclosure of Privileged Information.</u>   Nothing contained in this Protective Order shall affect in any manner any claim of privilege or work product protections, or any other privilege or immunity.  Inadvertent production of documents or information otherwise subject to the attorney-client or other privilege or work product immunity shall not constitute a waiver of any such privilege or immunity.   Upon written notification that a document or information has been inadvertently produced and that a claim of privilege or work product will be made with regard to such document or information, the Party receiving such notice shall refrain from using said document or information in any manner or form, including specifically, but not exclusively, use during discovery, review with witnesses, at a hearing or trial, or any other disclosure or review whatsoever, and promptly return

**PROPOSED PROTECTIVE ORDER PURSUANT Fed.R.Civ.P. 26(c)**

to the producing person or entity the erroneously produced documents or information, unless otherwise ordered by the Court.

14.    Agency or Court Subpoena.   If another court or administrative or governmental agency subpoenas or orders production of Confidential Information, which a Covered Person has obtained under the terms of this Protective Order, such Covered Person shall promptly notify the attorney for the producing Covered Person, or the Covered Person, if he/she is not represented, of the pendency of such subpoena or order, subject to the protections otherwise afforded to such subpoena or order by law.

15.    Use of Confidential Information At Trial.   Except as otherwise provided in Paragraph 11, this protective order shall not affect or govern the use or admissibility of Confidential Information at trial.   Each party hereto shall be responsible for requesting appropriate relief from the Court regarding trial testimony and exhibits, including but not limited to further protective orders, trial management order provisions, motions in limine and/or objections.

16.    Modification.  Any Covered Person may apply for modification of this Protective Order, including relief from the terms of this Protective Order, modification of its terms, or the imposition of additional protections, upon reasonable notice to the Parties and after the Covered Party who seeks modification shall have contacted counsel for the Parties to attempt to resolve the issues that are the subject of the modification.  This Protective Order or any stipulation therefore

12

shall not be deemed a waiver by any Covered Person of its right to object to any discovery on any of the grounds provided by the Federal Rules of Civil Procedure and the case law construing same.  The entry of this Protective Order shall not create any presumption that any Confidential Information designated as such by a Covered Person is in fact Confidential Information, and this Protective Order is without prejudice to the right of any Covered Person to seek from the Court a release from the terms of this Protective Order any Confidential Information. Moreover, neither this Protective Order nor any stipulation therefore shall be deemed to expand the scope of discovery in the Litigation beyond the limits otherwise prescribed by law or to enlarge the scope of discovery to matters unrelated to this Litigation.

17.   <u>Use of Documents in Covered Party's Possession</u>.  Notwithstanding anything in this Protective Order to the contrary, the provisions of this Protective Order shall not prohibit the use, by any Covered Party, of any Confidential Information that is currently in the Covered Party's lawful possession, custody or control, or that later comes into the possession of the Covered Party from others lawfully in possession of such Confidential Information who are not parties to the Litigation or otherwise bound by this Protective Order.

18.   <u>Conclusion of Litigation</u>.   Upon the request of a Covered Party following the final disposition of the Litigation, including all appeals therefrom, or the final disposition of the Litigation against any one or more of the Parties, the

remaining Covered Parties, including their Experts, shall destroy all Confidential Information, and certify to the requesting Covered Party such destruction, or return to the requesting Covered Party all Confidential Information.  Notwithstanding the foregoing, counsel for each Covered Party may retain a record of this Litigation, irrespective of whether a Covered Party's Confidential Information is included in the correspondence, pleadings, discovery, notes, research, or other files maintained by the attorney for purposes of representing his/her client in the Litigation.

19.   Continuing Jurisdiction.  The Court shall retain jurisdiction over the Covered Parties for the purpose of ensuring compliance with this Protective Order and granting such amendments, modifications, and additions to this Protective Order, and such other and further relief as may be necessary.

20.   Survival.  This Protective Order shall survive the final disposition of the Litigation, by judgment, dismissal, settlement, appeal, or otherwise.


DATED: April 12, 2011


_____
U.S. District Court Judge

14

## **EXHIBIT A**

### PERSONAL UNDERTAKING REGARDING PROTECTIVE ORDER

I, _____ declare:

1.    My address is _____.  My present occupation is _____.

2.    I have received the Stipulation and Protective Order ("Protective Order") issued in <u>Lehman Brothers Holdings, Inc. v. PMC Bancorp f/k/a Professional Mortgage Corp.</u> United States Distrcit Court Central District of California Case No. CV10-07207 SVW (PJWx). I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this litigation, any information designated as "CONFIDENTIAL" which I receive in this litigation, except to the extent such Confidential Information is or becomes public information under the Protective Order.

4.    I will comply with Paragraph 18 of the Protective Order regarding the return or destruction of all Confidential Information in my possession following the conclusion of this litigation.

15

5.      I declare under penalty of perjury that the foregoing is true and correct and that this document is executed this _____ day of _____, _____, at

_____.

_____
Signature

_____
Print Name

16

**PROPOSED PROTECTIVE ORDER PURSUANT Fed.R.Civ.P. 26(c)**