UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV10-07207 JAK (PJWx) | Date | October 11, 2017 |
| Title | Lehman Brothers Holdings, Inc. v. PMC Bancorp | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings: **(IN CHAMBERS) ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (DKT. 401)**

### I. Introduction

On September 23, 2016, Lehman Brothers Holdings, Inc. ("Plaintiff") filed a "Request for Attorney's Fees and Costs" ("Motion" (Dkt. 378)) seeking an award of the amounts incurred in its successful prosecution of this action. The Motion sought a total award of $879,455.39. Dkt. 378 at 2. Subsequently, Plaintiff increased this request to $911,335.92, to account for the fees incurred in connection with the Motion. Dkt. 401 at 3. On September 30, 2016, defendant PMC Bancorp ("Defendant") filed its opposition to the Motion ("Opposition" (Dkt. 382)). Third Party PMAC Lending Services, Inc. ("PMAC") joined in the Opposition. Dkt. 382. Plaintiff replied. Dkt. 383. The matter was presented to Magistrate Judge Walsh for the preparation of a Report and Recommendation ("R&R").

On October 20, 2016, Judge Walsh directed the parties to provide supplemental briefing with respect to certain issues raised in the Opposition. Dkt. 385. On November 18, 2016, Defendant and PMAC filed a supplemental opposition (Dkt. 391) and, on November 25, 2016, a supporting declaration. Dkt. 392 (filed under seal). On December 8, 2016, Plaintiff replied to the supplemental opposition. Dkt. 395.

On January 19, 2017, Judge Walsh issued the R&R with respect to the Motion. Dkt. 401. It recommended an award of $866,416.92 in attorney's fees and costs. Defendant and PMAC jointly objected to the R&R ("Objection" (Dkt. 404)). Plaintiff responded. Dkt. 413. The objections are that in the determinations made in the R&R Judge Walsh:

1) "Erroneously took PMAC's counsel's responses in the August 10, 2016 hearing as an express waiver of statutory law governing the time for Plaintiff to file its motion for attorney's fees and costs;"
2) "Disregarded the legal standard in erroneously determining that Plaintiff's motion for attorney's fees and costs was not untimely despite California Code of Civil Procedure § 685.010 and Defendants' reliance of it;"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-07207 JAK (PJWx) | | Date | October 11, 2017 |
|---|---|---|---|---|
| Title | Lehman Brothers Holdings, Inc. v. PMC Bancorp | | | |

3) "Erroneously concluded that Plaintiff's attorney's fees and costs were reasonable and thereby failed to reduce any amount in determining the total sum owed; and"
4) "Unreasonably found that PMC and PMAC's line-by-line analysis was insufficient."

Dkt. 404 at 2.

This Order addresses these objections.

## II.  Factual and Procedural Background

On March 27, 2013, judgment in this action was entered in favor of Plaintiff in the amount of $2,133,635.50 ("Judgment" (Dkt. 133)). This included $1,963,203.90 in damages and $170,431.61 in pre-judgment interest. *Id.* Following entry of the Judgment, Plaintiff began what became an extensive collection effort. This included pursuing discovery from several non-parties allegedly used by Defendant to conceal its assets. *See* Dkt. 401.

In August 2016, the parties reached a settlement, whose terms were discussed and finalized with Judge Walsh during a telephonic status conference held on August 19, 2016. *Id.* Thereafter, based on the representations by counsel during that conference, Judge Walsh made the following orders: (i) certain pending discovery proceedings initiated by Plaintiff were stayed; (ii) Defendant would pay the amount of the Judgment and accrued interest by noon on August 26, 2016; and (iii) Plaintiff would be awarded reasonable attorney's fees and costs, in an amount to be determined initially by Judge Walsh based on limited briefing by the parties, with the understanding that "both sides can appeal if they disagree with my order." Dkt. 376 at 23-24.

Plaintiff was directed to file its opening brief as to the amount of fees and costs by September 23, 2016; any response was due by September 30, 2016. Transcript of Telephonic Conf., Dkt. 376 at 6, 15, 19, 20, 22; *see also* Minute Order, Dkt. 373. The parties agreed that the amount of these fees and costs would be determined on the basis of briefing filed, and "just having Your Honor make a decision of the reasonableness, and then whatever the amount is, that's the award—that's the award, and that becomes the judgment." Transcript of Telephonic Conf., Dkt. 376 at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-07207 JAK (PJWx) | Date | October 11, 2017 |
|---|---|---|---|
| Title | Lehman Brothers Holdings, Inc. v. PMC Bancorp | | |

**III.   Analysis**

   **A.   Legal Standards**

De novo review of the findings of a Magistrate Judge is required if "objection is made." 28 U.S.C. § 636(b)(1). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

   **B.   Application**

      1.   Standard of Review

Because Defendant and PMAC have objected to certain of the determinations in the R&R (Dkt. 404), they are reviewed de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report . . . or recommendations to which objection is made.").

      2.   Whether the Motion was Timely Filed

PMC and PMAC argue that the Motion was untimely because it was filed after the amount due under the Judgment had been paid to Plaintiff. Dkt. 382. Under Fed. R. Civ. P. 54(d)(2), a motion for attorney's fees shall be "filed no later than 14 days after entry of judgment." If the motion is not filed within that 14-day period, Fed. R. Civ. P. 69(a) governs. It "requires the court to apply state law" to the timeliness of the motion for attorney's fees. *See Carnes v. Zamani*, 488 F.3d 1057, 1060 (9th Cir. 2007). Plaintiffs acknowledged on August 26, 2016, that they received the agreed-upon payment of $3,106,399.14, which satisfied the principal amount of the Judgment. Dkt. 374. The Motion for attorney's fees and costs was filed on September 23, 2016. Dkt. 378. Because this was more than 14 days after the entry of the Judgment, under Fed. R. Civ. P. 69(a), California law applies in determining the timeliness of the Motion. The relevant California statute is Cal. Code Civ. Proc. § 685.080. *See Carnes*, 488 F.3d 1057. Under that statute, a motion for attorney's fees and costs must be filed "before the judgment is satisfied in full."

The timeliness of the Motion was considered in an order by Judge Walsh that was entered on October 20, 2016. Dkt. 385. It concluded that any objection as to the timeliness of the Motion had been waived, because "Defendant and PMAC expressly agreed in August 2016, before the judgment was satisfied, that Plaintiff would file its fee motion after the judgment was satisfied," which itself had a deadline of August 26, 2016. Dkt. 401 at 3-4; Dkt. 376 at 4-9, 8-11, 18-24. The order also observed that a Minute Order issued after that conference that set forth the timeline for briefing on the request to which the parties had stipulated. As noted, under its terms, both the initial brief and any responses would be filed well after the Judgment had been satisfied. Dkt. 401 at 4; Dkt. 373.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-07207 JAK (PJWx) | Date | October 11, 2017 |
|---|---|---|---|
| Title | Lehman Brothers Holdings, Inc. v. PMC Bancorp | | |

In the Objection, Defendant and PMAC argue that the statements of the parties prior to settlement, and recorded in the Minute Order following the telephonic hearing, did not constitute or reflect a waiver of the timing requirements of Cal. Code Civ. Proc. § 685.080. As noted, under its terms, a motion for an award of attorney's fees must be filed prior to when a corresponding judgment has been satisfied. Dkt. 404 at 4. In support of this position, they state:

> [N]either counsel for PMC and PMAC have waived any rights with respect to the actual filing of Plaintiff's motion. At the time of the August 19, 2016 hearing, it was not certain that the judgment would actually be fully satisfied by August 26, 2016. Although there was an intent to satisfy the judgment by that date, there was no certainty that it would be and, indeed, there was no obligation for the debtor to do so if it lacked the funds. Unlike a formal settlement agreement, there were no enforcement mechanisms: if the judgment had not been fully satisfied, the collection matter would have proceeded forward and any fees/costs motion filed before full satisfaction would have been timely.

*Id.* at 6.

A review of the record in this matter shows that this argument is unpersuasive. At the outset of the August 19, 2016 telephonic conference, Plaintiff's counsel advised Judge Walsh that they had called him because the parties were "at an impasse regarding settlement discussions." Dkt. 376 at 4. Judge Walsh responded initially by stating that he had read in what had been sent to him that "the [Plaintiff's] attorneys' fees had gone up, I think, about -- to about $750,000 and [Defendants] were unclear why and it was an impediment to settling; is that right?" *Id.* PMAC's counsel responded,

> Right. . . . The statement was made to -- for the intent to pay off the current judgment amount -- the pending amount, and then the only issue is how to deal with unawarded attorneys' fees. The parties attempted to -- already engaged in negotiations, kind of got locked in a range, and we're seeking Your Honor's assistance in trying to bridge that gap or figure out a way to handle that.

*Id.*

Plaintiff's counsel replied that Defendants "have agreed to pay the judgment plus interest and the Ninth Circuit fees. So what we are -- what's in dispute now are about [$]500,000 in fees and [$]200[,000] in costs." *Id.* at 5. Judge Walsh then stated: "[a]ll right. And both sides agree that we're talking about $700,000 right now separating the parties in the settlement; correct?" *Id.* Counsel for Plaintiff then stated that apparently as a result of further settlement efforts the parties were "actually at [$]450[,000] apart, I believe." *Id.* Counsel for Defendant then said that he thought "that's right," although he thought that "PMC/PMAC made one further offer earlier this week . . . ." *Id.*

Judge Walsh then made three suggestions as to a procedure for a settlement process: (i) allow the parties more time to conduct direct discussions; (ii) have the parties attend a settlement conference that he would oversee; or (iii) have the Judgment paid, "and you leave the costs and attorney's fees to the Court, and Lehman Brothers files a motion, the Court reviews it and -- for reasonableness and makes a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-07207 JAK (PJWx) | Date | October 11, 2017 |
|---|---|---|---|
| Title | Lehman Brothers Holdings, Inc. v. PMC Bancorp | | |

ruling on the costs and fees." *Id.* at 6. Plaintiff's counsel then stated, "I'll tell you, frankly, Lehman is unwilling to discount their fees and costs by much." *Id.* at 7. He then added:

> Another idea I had proposed was that they can pay the judgment and interest, but if they pay just the judgment and interest and leave the fees and costs in place, I think litigation, probably, will stop for a couple of weeks but then, probably, keep going because, you know, that's another [$]700,000 that Lehman would be entitled to under the contract. And I know that everyone wants to kind of stop the litigation, stop all the depositions, and I'm fine with that, but I think that the -- one idea would be to, if they pay the judgment and interest, we will agree to stop litigation if they will agree that they will pay the attorneys' fees that are awarded by the Court, and that will give them a forum to contest the attorney-fee award and to raise objections . . . .

*Id.*

Counsel for PMAC then stated that he liked the third approach suggested by Judge Walsh, *i.e.*, have the principal amount of the Judgment paid, so that "all that's left is the unawarded costs and -- but -- and having the Court determine the reasonableness." *Id.* at 8-9. He then proposed an expedited process in which the Plaintiffs would submit a short letter brief to which the relevant invoices would be attached, with the Defendants to respond "within two or three days" by submitting "a letter of opposition saying we believe that . . . 'This reasonable. This is not reasonable,' and then just having Your Honor make a decision of the reasonableness, and then whatever the amount is, that's the award -- that's the award, and that becomes the judgment." *Id.* at 9.

Plaintiff's counsel replied by expressing a concern that once fees were awarded, Plaintiff would have to pursue collection efforts just like those that had been underway as to the amount of the Judgment. *Id.* at 10. Thus, if PMC did not pay the amount awarded, Plaintiff would have to resume its efforts to establish liability of PMAC and an individual, William Park, for the award, just as Plaintiff had been doing with respect to the principal amount of the Judgment. *Id.* at 10-11. After a discussion of this issue with counsel for PMAC, Judge Walsh asked PMAC's counsel, "Is it your understanding that in addition to the judgment and interest . . . that when the Court determines what the fees are -- the attorneys' fees and the costs are . . . they're going to be paid?" *Id.* at 13. PMAC's counsel responded "Yes, that is my understanding. That is the intention." *Id.* The Minute Order, which issued after the telephonic conference, is consistent with this colloquy.

The discussion during the call then turned to the timing of the payment of the principal and interest due on the Judgment. This was in recognition of the concerns expressed by Plaintiff's counsel about the need for a commitment from PMAC and William Park to pay the amount of any award of fees and costs. Judge Walsh observed that if no settlement were entered, there would be no such assurance, and there would also be no immediate payment of the amount of the Judgment at that time. He then offered the following compromise:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV10-07207 JAK (PJWx) | Date | October 11, 2017 |
| Title | Lehman Brothers Holdings, Inc. v. PMC Bancorp | | |

> So what I think the best solution would be is that I instruct Mr. Park to talk to his clients, PMC and PMAC, and tell them that by next Friday that they wire that money into your account, and that's going to settle the judgment debtor part of it, and that then we figure out a time line when you file your motion for attorneys' fees -- and I'm fine with Mr. Park's suggestion. It doesn't have to be a formal motion. You set -- and, really, it's more about what they're going to do. You set out -- you show me your billings, you explain why there was this much money spent -- and I have some understanding because I've been involved with the case for a while. Let the other side tell me that they shouldn't -- you shouldn't have had two lawyers at a deposition, you shouldn't be charging a dollar for fax . . . et cetera. I will go through that, I'll come up with a ruling, I'll issue an order, you can appeal my ruling -- either side can appeal my ruling if they disagree, and I will put an end -- I'll stay everything else right now. There won't be any more discovery. There won't be any depositions.

*Id.* at 15-16.

All counsel agreed to this proposal. Judge Walsh set the deadline of August 26, 2016, for the payment of the principal amount and accrued interest on the Judgment. In response to Judge Walsh's request, Plaintiff's counsel proposed filing the Motion on September 23, 2016, with any opposition due on September 30, 2016. *Id.* at 23. Counsel for PMAC agreed and counsel for PMC made no objection.

Had Defendant planned to oppose any award based on the claim that the Motion would be untimely when filed on September 23, 2016, its counsel should have disclosed that to Plaintiff's counsel and Judge Walsh during the telephonic hearing. Thus, counsel were discussing, and seeking to resolve, several open issues, including the ongoing discovery as to fees and the costs and burdens that it imposed. Compromises were made. They included that the principal and accrued interest would be paid before the briefing of the Motion. In this way, Plaintiff would not have to invest time on the Motion until the promised amount was paid. Having agreed to this process, Defendant cannot now object to it, by claiming that the Motion was untimely.

The deadline in Cal. Code Civ. Proc. § 685.080 can be waived, as "the statutory purpose of requiring that the motion for enforcement costs be brought 'before the judgment is satisfied in full' is to avoid a situation where a judgment debtor has paid off the entirety of what he believes to be his obligation in the entire case, only to be confronted later with a motion for yet more fees." *Lucky United Properties Inv., Inc. v. Lee*, 185 Cal. App. 4th 125 (2010). In light of the record, Defendant and PMAC were aware of the ongoing dispute about the amount of attorney's fees they would be obligated to pay, and they voluntarily agreed to the September 23, 2016 filing date for the motion for attorney's fees at the August 19, 2016 conference. Dkt. 376. Therefore, the motion for attorney's fees and costs is not time-barred by Cal. Code Civ. Proc. § 685.080.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-07207 JAK (PJWx) | Date | October 11, 2017 |
|---|---|---|---|
| Title | Lehman Brothers Holdings, Inc. v. PMC Bancorp | | |

      3.      <u>Whether the Two-Year Time Limit on a Request for Attorney's Fees and Costs Applies</u>

As noted earlier, because the Motion was filed more than "14 days after entry of judgment," California law applies to its timeliness. *See Carnes*, 488 F.3d at 1060. Section 685.070(a)(6) of the California Code of Civil Procedure requires that a request for an award for attorney's fees and costs must be made with the Clerk of the Court within two years of the entry of the corresponding judgment.[1] The Judgment was entered on March 27, 2013. Dkt. 133. Plaintiff argues that this two-year limitation period does not apply because Defendant and PMAC agreed that fees would be paid based on the decision by Judge Walsh made following the aforementioned informal briefing, subject to the right of each side to seek review with the District Court and the Ninth Circuit. Dkt. 383 at 5-6.

In the R&R, Judge Walsh found that Defendant and PMAC waived the two-year deadline, in part, by entering the aforementioned agreement as to the timing of the Motion and its being considered on the merits. Judge Walsh nevertheless determined that a two-year rule applied, but that it was measured from the date on which the Motion was filed. Therefore, the R&R disallowed the claimed fees and costs incurred before September 23, 2014, which was two years prior to the filing of the Motion. Dkt. 401 at 4. According to Plaintiff, that resulted in a disallowance of $44,919 of the total requested. Thus, the remaining balance is $866,416.92 ($911,335.92 - $44,919 = $866,416.92). *Id.*

For the same reasons discussed above, Defendant and PMAC are barred from objecting to the Motion based on a claim that it was not timely. With respect to the application of a two-year period from the date on which the Motion was filed, Plaintiff has not objected.

      4.      <u>Whether the Amount of Fees and Costs is Reasonable</u>

           a)      Request for Attorney's Fees and Costs

As noted, the parties submitted informal briefing to Judge Walsh as to the amount of attorney's fees requested by Plaintiff. The Motion sought a total award of $879,455.39. Dkt. 378. It later increased this request to $911,335.92, to account for the additional work on the Motion. Dkt. 401 at 3. The basis for these requests and the merits objections to them are discussed below.

           (1)      <u>Time Worked</u>

Plaintiff's counsel recorded 1900.2 hours of time in collection efforts as to the Judgment. This work was performed between April 10, 2013, which was approximately 30 days after the Judgment was entered, and August 31, 2016, which was approximately three weeks before the Motion was filed. The work performed is described in declarations submitted by Plaintiff's counsel, Christopher Carrington (Dkt. 380-1) and Stephen D. Weisskopf (Dkt. 380-3).

---

[1] "The judgment creditor may claim . . . [a]ttorney's fees . . . [b]efore the judgment is fully satisfied but not later than two years after the costs have been incurred . . . ." Cal. Code Civ. Proc. § 685.070(a)(6), (b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV10-07207 JAK (PJWx) | Date | October 11, 2017 |
| Title | Lehman Brothers Holdings, Inc. v. PMC Bancorp | | |

This work included the following:

1. Preparing for and working to enforce compliance with discovery demands to PMC, PMAC, and Alamo Heights Financials (PMAC's parent company), including requests for discovery hearings related to the written discovery propounded upon PMAC, to which PMAC never responded beyond submitting various unfounded objections;

2. Subpoenaing PMC's, PMAC's, and Alamo's extraordinarily numerous financial institutions for bank records, including litigation regarding those subpoenas;

3. Preparing for and conducting twelve depositions (further described in the Declaration of Christopher Carrington at ¶¶ 30.c-l), including litigation to compel the recalcitrant witnesses' attendance at those depositions;

4. Extensive document review;

5. Extensive financial analysis and forensic review of PMC, PMAC, and Alamo's bank records, and retention of an expert witness to render an independent expert opinion on that analysis;

6. Extensive litigation to obtain compliance with all of the discovery listed above, including multiple conferences with counsel for PMC and PMAC, multiple motions, and multiple discovery hearings (*see* Carrington Decl. ¶ 19 & Ex. 6);

7. Investigation relating to PMAC's acquisition of PMC's assets and business, and PMAC's subsequent purchase by Alamo;

8. Investigation into Finance of America's purchase of PMAC's assets in the middle of the collection action, requiring a subpoena to Finance of America for the asset purchase agreement, which PMAC and Finance of America refused to provide in an unredacted form;

9. Investigation into AmWest Funding's purchase of what remained of PMAC during the summer of 2016, days before William Park's deposition, requiring a subpoena to AmWest for a Rule 30(b)(6) deposition, at which AmWest failed to appear;

10. Investigation relating to PMC's transfers of five real properties to Gus Cafcalas, Sarah Grossman, Yoo Joo Lee, Helen Choi, Sal Si Puedes De Esta, SA de CV, and Maz Call, SA de CV, including an investigation in Mexico related to the Mexican entities;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV10-07207 JAK (PJWx) | Date | October 11, 2017 |
| Title | Lehman Brothers Holdings, Inc. v. PMC Bancorp | | |

11. Interviewing and obtaining the sworn written testimony of a key witness to the relationship between PMC and PMAC, as further set forth in Carrington Decl. ¶¶ 16 & Ex. 4;

12. Mediation in Los Angeles before a panel of three mediators, as required by PMC/PMAC. PMAC's counsel refused to participate in a mediation unless Lehman would agree to use three mediators, one chosen by each party (Lehman, PMC, and PMAC). This needlessly increased Lehman's cost of the mediation, which was completely ineffective.

13. Pursuing the related matter *Lehman Brothers Holdings Inc. v. Gus Cafcalas, Sarah Grossman, Yoo Joo Lee, Helen Choi, Sal Si Puedes De Esta, Sa De CV, and Maz Call, Sa De CV,* Case No. 2016-cv-03167, which is currently stayed pending the Court's ruling on this request for attorneys' fees. This action seeks to unravel PMC's fraudulent conveyances of five real properties (houses) that had been transferred to and/or by Gus Cafcalas, Sarah Grossman, Yoo Joo Lee, Helen Choi, Sal Si Puedes De Esta, SA de CV, and Maz Call, SA de CV.

Dkt. 378 at 6-8.

(2) Hourly Rates

Plaintiff's counsel have proposed rates that they claim to have been based, in part, on those in the "*Laffey* matrix," with adjustments for the Los Angeles market. The *Laffey* matrix is a compilation of data, prepared by the Civil Division of the United States Attorney's Office for the District of Columbia, that is designed to quantify "reasonable" hourly rates for attorneys and legal assistants.[2] The most recent version of the *Laffey* matrix is titled the "USAO Matrix." Courts have relied on prior versions of the *Laffey* matrix to determine whether proposed hourly rates are reasonable. *See e.g.*, *Martin v. FedEx Ground Package Sys., Inc.*, No. C 06-6883 VRW, 2008 WL 5478576, at *6 (N.D. Cal. Dec. 31, 2008) ("[T]he court prefers to calculate the lodestar figure using published data on hourly rates. Standardized hourly rates result in a meaningful comparison among multipliers in various cases. . . . A widely recognized compilation of attorney and paralegal rate data is the *Laffey* matrix, so named because of the case that generated the index.") (citing *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983)).

The hourly rates requested by Plaintiff for counsel are similar to those in the *Laffey* matrix for counsel with similar experience. The proposed rates and hours worked are summarized in the following table:

---

[2] U.S. ATTORNEY'S OFFICE, D.C., USAO ATTORNEY'S FEES MATRIX—2015-2018, https://www.justice.gov/usao-dc/file/796471/download.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-07207 JAK (PJWx) | | Date | October 11, 2017 |
|---|---|---|---|---|
| Title | Lehman Brothers Holdings, Inc. v. PMC Bancorp | | | |

| Timekeeper | Experience | Hourly Rate | Total Hours[3] | USAO Matrix (2015-2016)[4] (unadjusted) | USAO Matrix (2015-2016) (adjusted to the Los Angeles Market)[5] | Amount Change from USAO Matrix Hourly Rate |
|---|---|---|---|---|---|---|
| Stephen Weisskopf | 18 years | $475 | 670.8 | $504 | $516 | -$41 |

---

[3] Plaintiff's submissions are not consistent with respect to the number of hours worked. In the Motion, Plaintiff includes a chart that reflects 1920.9 hours, rather than the 1900.2 hours on which they base their request. Dkt. 378 at 14-15 (chart); Dkt. 378 at 5, 6, 11 (listing 1900.2 hours as the amount of hours worked). The 1900.2 hours are summarized in Exhibit 3 to the Carrington Declaration, Dkt. 380-2 at 121 (Ex Parte), and the amount in corresponding fees is $738,891.00, not the $752,877.00 that is requested. However, an examination of the submissions shows that the total amount requested was calculated by adding the fees incurred in the Plaintiff's action to those spent in opposing the declaratory relief action brought by PMAC. Dkt. 380-2 at 121 (Ex Parte).

[4] The present fee request is based on the 2015-2016 USAO Matrix. Dkt. 380-1 ¶¶ 34-37 (Ex Parte); Dkt. 380-2 at 315 (Ex Parte); U.S. ATTORNEY'S OFFICE, D.C., USAO ATTORNEY'S FEES MATRIX—2015-2018. The Judgment was entered in 2013, and the request for Attorney's Fees and Costs was filed in 2016. Dkt. 133; Dkt. 378. However, evaluating fees incurred based on a matrix for a later time period, *e.g.*, Plaintiff's reliance on the 2015-2016 matrix, may be appropriate to account for a delay in payment. *See Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1056 (9th Cir. 2009) (quoting *Anderson v. Director, OWCP*, 91 F.3d 1322 (9th Cir. 1996)) ("[A]ttorney's fees 'are to be based on market rates' and such rates are based on the assumption that bills will be paid reasonably promptly; delays in payment thus deprive successful litigants of the market rates. To make up the difference, losses from delay can be compensated 'by the application of current rather than historic hourly rates or otherwise.'"). Here, because the Los Angeles market rates are higher than those in the District of Columbia, Plaintiff's requested hourly rates are below those in each matrix.

[5] When determining the proper award of attorney's fees, the amount should be adjusted to account for the prevailing rate in the "relevant community." *See, e.g.*, *Christensen*, 557 F.3d at 1053-54; *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979-80 (9th Cir. 2008). Moreover, "the relevant community is generally defined as 'the forum in which the district court sits.'" *Camacho*, 523 F.3d at 979. Thus, it is proper to apply the Los Angeles adjustment to the USAO Matrix, which as noted is based on the District of Columbia market. When calculating the adjustment, courts have used the federal locality pay differentials. *See, e.g.*, *Martin*, 2008 WL 5478576, at *7; *In re HPL Technologies, Inc. Sec. Litig.*, 366 F. Supp. 2d 912, 921-22 (N.D. Cal. 2005). Plaintiff's counsel based their adjustment on the 2016 Locality Pay Tables. Dkt. 380-1 at 23 (Ex Parte); *2016 General Schedule (GS) Locality Pay Tables*, U.S. OFF. PERSONNEL MGMT., https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/2016/general-schedule/ (last visited Sept. 14, 2017). Los Angeles has a locality payment increase of 27.65% over the base rate, and the District of Columbia has a locality payment increase of 24.78%. *Salary Table 2016-LA*, U.S. OFF. PERSONNEL MGMT., https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/salary-tables/pdf/2016/LA.pdf (last visited Sept. 14, 2017); *Salary Table 2016-DCB*, U.S. OFF. PERSONNEL MGMT., https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/salary-tables/pdf/2016/DCB.pdf (last visited Sept. 14, 2017). Dividing 127.65% by 124.78% (the percent of each locality relative to the baseline) yields 102.30%. Thus, Los Angeles rates are 2.3% higher than D.C. rates, and the D.C. rates are accordingly multiplied by 102.30% to reach the adjusted figures (which are rounded to the nearest whole dollar).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-07207 JAK (PJWx) | | Date | October 11, 2017 |
|---|---|---|---|---|
| Title | Lehman Brothers Holdings, Inc. v. PMC Bancorp | | | |

| Timekeeper | Experience | Hourly Rate | Total Hours[3] | USAO Matrix (2015-2016)[4] (unadjusted) | USAO Matrix (2015-2016) (adjusted to the Los Angeles Market)[5] | Amount Change from USAO Matrix Hourly Rate |
|---|---|---|---|---|---|---|
| Chris Carrington (FGMC / RC)[6] | 11 years | $435 | 497 | $455 | $465 | -$30 |
| Dyanna Spicher (FGMC / RC) | Paralegal | $150 | 309.8 | $154 | $158 | -$8 |
| Katie Roush (FGMC) | 9 years | $365 | 121.6 | $386 | $395 | -$30 |
| Chandler Kelly (FGMC) | 6 years | $310 | 58.2 | $332 | $340 | -$30 |
| Ruth Moore (RC) | 15 years | $435 | 56.7 | $455 | $465 | -$30 |
| Larry Katz (FGMC) | 16 years | $475 | 39.3 | $504 | $516 | -$41 |
| Daniel Calisher (FGMC) | 20 years | $475 | 38.7 | $504 | $516 | -$41 |
| Natalie Ikhlassi (TO) | 10 years | $365 | 24.2 | $386 | $395 | -$30 |
| Melanie MacWilliams-Brooks (FGMC) | 3 years | $285 | 17.8 | $315 | $322 | -$37 |
| Tatiana Popacondria (contract attorney) | 6 years | $310 | 16.2 | $332 | $340 | -$30 |
| Jeff Culbertson (contract attorney) | 13 years | $435 | 13.4 | $455 | $465 | -$30 |
| Isabelle Young (FGMC) | 3 years | $285 | 13.1 | $315 | $322 | -$37 |
| Helen Cho (TO) | 9 years | $365 | 8.5 | $386 | $395 | -$30 |
| Tiffany Yingling (FGMC) | Paralegal | $125 | 8.4 | $154 | $158 | -$33 |
| Law Clerk (FGMC) | Clerk | $125 | 6.5 | $154 | $158 | -$33 |
| Total Hours | | | 1900.2 | | | |

As shown, 1900.2 hours were worked. When the corresponding hourly rates are applied, the total requested is $738,891.00. The fees incurred in opposing PMAC's declaratory relief action, which were necessary as part of the collection process, increases the total to $752,877.00. Dkt. 378 at 5. Plaintiff argues that $44,919 in fees were incurred prior to September 23, 2014. That is correct, as summarized in the chart below. Dkt. 383 at 13-14. Therefore, Plaintiff contends that the total fees incurred since September 23, 2014, total $707,958. Dkt. 383 at 14.

---

[6] The abbreviations next to names refer to the law firms with which the attorneys or staff were affiliated. These relevant firms are: Foster Graham Milstein & Calisher LLP ("FGMC"); Richards Carrington LLC ("RC"); Weisskopf Law ("SW"); and Theodora Oringher PC ("TO"). *See, e.g.*, Dkt. 380-1 at 2 (Ex Parte).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV10-07207 JAK (PJWx) | Date | October 11, 2017 |
| Title | Lehman Brothers Holdings, Inc. v. PMC Bancorp | | |

| Judgment Enforcement Attorneys' Fees Prior to September 23, 2014 | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Amount |
| Stephen Weisskopf | $475 | 17.3 | $8,217.50 |
| Christopher Carrington | $435 | 9.8 | $4,263.00 |
| Chandler Kelley | $310 | 12.6 | $3,906.00 |
| Daniel Calisher | $475 | 24.8 | $11,780.00 |
| Natalie Ikhlassi | $365 | 24.2 | $8,833.00 |
| Melanie MacWilliams-Brooks | $285 | 0.6 | $171.00 |
| Isabelle Young | $285 | 13.1 | $3,733.50 |
| Helen Cho | $365 | 8.5 | $3,102.50 |
| Tiffany Yingling | $125 | 7.3 | $912.50 |
| Total: | | 91.1 | $44,919.00 |

(3) Requested Costs

Plaintiff claims costs of $93,953.39. Dkt. 378 at 5, 14-15. These are summarized in the following chart[7]:

| Cost | PMC | Properties | Decl. Action |
|---|---|---|---|
| Depositions | $23,305.96 | | |
| Research[8] | $20,950.62 | $35.74 | |
| Transcripts (hearings) | $389.64 | | |
| Process Server | $6,919.75 | $347.90 | |
| Documents | $2,196.84 | $20.00 | $15.55 |
| Travel (meals, flights, hotel, etc.) | $8,008.69 | | |
| Experts | $15,188.00 | | |
| Couriers | $5,758.82 | $466.20 | $226.60 |
| Copies | $267.00 | | |

---

[7] The entries in this table are derived from Dkt. 380-2 at 121. The three columns account for the three separate case numbers in this litigation. As Plaintiffs explain, "[t]he litigation related to collection of the Judgment occurred in three dockets of this Court: this docket, which contained the Judgment (Case No. CV10-07207); the docket of PMAC's action for a judicial declaration that it was not liable on the Judgment against PMC on a theory of successor liability, alter ego, fraudulent transfer, or any other theory (Case No. 2:15-cv-09076); and the docket in the related action to unravel PMC's fraudulent conveyances of real property perpetrated by and/or to Gus Cafcalas, Sarah Grossman, Yoo Joo Lee, Helen Choi, Sal Si Puedes De Esta, SA de CV, and Maz Call, SA de CV (Case No. 2:16-cv-03167)." Dkt. 378 at 8. Because there were three separate actions, the fees are allocated among "PMC," or main litigation fees, "Properties" fees related to the conveyances of real property, and "Decl. Action" fees related to the declaratory relief action.

[8] Dkt. 380-2 at 121. The sum of the amounts of the subcategories is $20.950.62.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-07207 JAK (PJWx) | | Date | October 11, 2017 |
|---|---|---|---|---|
| Title | Lehman Brothers Holdings, Inc. v. PMC Bancorp | | | |

| | | | |
|---|---|---|---|
| Conference Calls (including Court Call) | $225.34 | | |
| Postage | $11.08 | $7.52 | $1.94 |
| Local Counsel expenses | $950.00 | | |
| Mediation | $7,550.00 | | |
| Filing Fees | $60.00 | $725.00 | $325.00 |

Judge Walsh disallowed the $44,919 in fees and costs that were claimed for work performed or costs incurred more than two years prior to the filing of the Motion, *i.e.*, before September 23, 2014. Plaintiffs do not contest this determination. Dkt. 383 at 14; Dkt. 401 at 4.

        b)      Defendant's Opposition to Fees and Costs

Defendant and PMAC argue that the fees and costs requested are unreasonable, and that "the vast majority of the services provided were related to [Plaintiff's] vitriolic campaign of harassment, ruination, and persecution of third parties." Dkt. 382 at 2. They contend that Plaintiff engaged in unnecessary disputes and leveled "nasty" accusations against PMAC employees and their counsel in an attempt to intimidate PMAC and other non-debtors and to increase the amount of fees and costs. *Id.* at 3. Defendant and PMAC also contend that Plaintiff's counsel represented prior to the settlement that its fees and costs were less than $500,000. *Id.* at 5. Defendant and PMAC also contend that it is facially unreasonable to have spent 1900.2 hours on a collection case. *Id.* at 13.

In further support of these positions, Defendant and PMC present two more specific arguments. *First,* Plaintiff engaged two "lead" attorneys, Stephen D. Weisskopf ("Weisskopf") and Christopher Carrington ("Carrington"). Both participated in many proceedings. Carrington has an office in Colorado, and is not admitted to practice in California. Defendant and PMAC argue that it was neither necessary nor reasonable for both counsel to have participated in many proceedings. They also contend that it was unreasonable and unnecessary to engage Colorado counsel on a matter centered in California. For these reasons, Defendant and PMAC argue that all of the fees attributed to Carrington should be disallowed. *Id.* at 13-14.

*Second*, Defendant and PMAC argue that most of the hours reported were not directly linked to efforts to collect the Judgment. Instead, they contend that this work involved pursuing witnesses from PMAC and other non-parties. They contend that this work was undertaken in bad faith as part of an attempt to intimidate Defendant. *Id.* at 14-15.

Judge Walsh considered these objections. He found them to be conclusory and not a sufficient basis on which to assess the claimed hours worked. Consequently, he ordered supplemental briefing from Defendant and PMAC, in which they were to provide a line-by-line analysis of the hours worked and associated fees that were challenged. Dkt. 385. As noted, this supplemental briefing was filed. Dkt. 391, 392.

The supplemental opposition restated prior arguments. These included that the fees were not requested

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV10-07207 JAK (PJWx) | Date | October 11, 2017 |
| Title | Lehman Brothers Holdings, Inc. v. PMC Bancorp | | |

before the deadlines established by the California Code of Civil Procedure, the number of hours worked was unreasonable, and retention of counsel based in Colorado was unwarranted. Dkt. 391 at 4-9. It also included a table with a line by line "analysis" that claimed to identify problematic billing practices. Dkt. 392 at 4-34 (Ex Parte). These included the following: (i) having a more senior attorney perform work that could have been done by a more junior one; (ii) employing vague, non-descriptive billing entries for work performed; and (iii) claiming time for duplicative work by several attorneys. *Id.* at 4-5. This table identified individual attorney billing entries and evaluated them according to a series of letter grades, which were as follows:

- "A" = Ambiguous, vague, or overbroad
- "E" = Excessive hours incurred for work performed
- "D" = Duplicative work
- "Di" = Discovery issues amounting to frivolous disputes
- "H" = Higher rate than reasonably billed by experienced attorney
- "U" = Unnecessary work performed

Dkt. 392 at 4 (filed under seal).

In the supplemental opposition, Defendant and PMAC also objected that substantial amounts of time were entered as "work on collection matter," "attention to collection matters," and "internet research re collection matters." Dkt. 391 at 9. They argued that these descriptions, and other similar ones, were too ambiguous to serve as a reliable basis to justify the hours claimed. *Id.* at 9-10.

   c)  Plaintiff's Reply

Plaintiff replied that PMC and PMAC had failed to demonstrate that the time charges were unreasonable, and that pursuing discovery from third-parties was unnecessary. As to the latter, Plaintiff argued that such discovery was necessary to recover assets that PMC and PMAC had fraudulently transferred to the third parties. Dkt. 395 at 4. Plaintiff also argued that its counsel did not perform duplicative work. Instead, it argued that the assignments were separate and the work was performed efficiently. They argue that the same is true as to the allocation of work between lead and local counsel. *Id.* at 7-8. Moreover, Plaintiff argued that the chart presented by Defendant and PMAC was insufficient because the labels as to individual records were conclusory, and that Defendant and PMAC had failed to present a meaningful analysis as to why the records were insufficient to support the fee award. *Id.* at 10-14. Finally, Plaintiff increased the request for fees and costs by $31,880.53 to $911,335.92, to account for the additional expenses incurred in responding to the Opposition. *Id.* at 14; Dkt. 378 at 2.

   d)  Basis for Recommended Amount

Based on a review of the foregoing materials, Judge Walsh granted the Motion in part. The R&R included an award of $866,416.92 in attorney's fees and costs. Dkt. 401 at 4-7. This was the entire amount sought for the two-year time period prior to the filing of the Motion. *Id.* at 3-4. In support of this decision, in which the objections of the non-moving parties were rejected, the Order stated:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-07207 JAK (PJWx) | Date | October 11, 2017 |
|---|---|---|---|
| Title | Lehman Brothers Holdings, Inc. v. PMC Bancorp | | |

> Plaintiff has substantiated its request with billing logs that include line-by-line explanations for the requested fees and costs. Though the total amount of requested fees appears high at first glance, on closer examination none of the entries stand[s] out as excessive or unreasonable. Further, having lived with this case for a number of years, the Court is cognizant of the fact that it was aggressively litigated by both sides. In all, the Court was called upon more than two dozen times to address disputes between the parties and issued 19 minute orders, most of which directed Defendant and PMAC to provide discovery sought by Plaintiff.

Dkt. 401 at 5.

An independent, de novo review of the billing statements, objections and the prior Orders issued in this matter confirms that this analysis is reasonable. Therefore, it is adopted. Defendant and PMAC have not raised any objections to the use of the USAO matrix, nor have they explained why the hourly rates charged in calculating the fee request would be unreasonably high. However, even had they done so, a review of the rates and the *Laffey*/USAO matrix, in light of the Court's experience with the rates charged by counsel in similar civil actions in this District, shows that the rates applied were reasonable.[9]

The arguments made by Defendant and PMAC about inefficient staffing are unpersuasive. A review of the time records shows that there were occasions when more than one attorney was involved on a particular issue or proceeding. However, this is reasonable given the nature of this case and the complexity of some of the issues presented. Although Defendant and PMAC have made general objections to the nature of the proceedings that led to these fees, they have not shown that any of them was unnecessary, redundant or undertaken in bad faith, Instead, they were part of the reasonable efforts to collect on the Judgment. Plaintiff had no incentive to incur excessive fees inasmuch as there was no assurance of either collecting on the Judgment or on any related fee award that might issue. Thus, it might not have been reimbursed for any of the fees or costs incurred. Finally, as Judge Walsh correctly observed, there were many disputes that arose in this matter that required judicial intervention. That Defendant was not the prevailing party in many of these matters confirms both the reasonableness of the fees incurred by Plaintiff, and the unpersuasive nature of the claim by Defendant that Plaintiff engaged in unnecessary and improper litigation tactics.

The outcome is the same as to the objection to Plaintiff's use of counsel from California and Colorado. California counsel are familiar with practice here. The justification for the use of Colorado counsel is persuasive. He "won the underlying litigation for Lehman," and was, therefore, able to make significant contributions to the development and implementation of an effective strategy for pursuing the collection efforts. Dkt. 383 at 14. Moreover, California counsel conducted most of the depositions and handled many court appearances as part of the effort to avoid unnecessary costs associated with the retention of

---

[9] *Ingram v. Oroudijan*, 647 F.3d 925, 928 (9th Cir. 2011) ("Other circuit courts have held that judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees. We agree. We conclude that the district court did not abuse its discretion either by relying, in part, on its own knowledge and experience, or by setting an hourly rate of $350 for Appellants' lawyers.") (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-07207 JAK (PJWx) | Date | October 11, 2017 |
|---|---|---|---|
| Title | Lehman Brothers Holdings, Inc. v. PMC Bancorp | | |

Colorado counsel. *Id.* at 14-15.

**IV.    Conclusion**

For the foregoing reasons, the objections to the R&R are **OVERRULED**. The Motion is **GRANTED IN PART**. Therefore, $866,416.92 in fees and costs are awarded. That amount is immediately due and payable. In light of this Order, the stay on Mr. Park's withdrawal from this matter is lifted. Pursuant to the Order entered on July 26, 2017, PMAC shall have new counsel appear on its behalf by November 8, 2017.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | ak | |